IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-01304-KLM

STEVEN BRACKETT,

    Plaintiff,

v.

WALMART INC., a Delaware Foreign Corporation, registered to do business in Colorado and doing business in Colorado as Walmart Supercenter #1252,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [#20][1] (the "Motion"). Defendant filed a Response [#24] in opposition to the Motion [#20], and Plaintiff filed a Reply [#30]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#20] is **GRANTED**.

### I. Background

Plaintiff is an individual who currently resides in Oklahoma but was a resident of Colorado at the time of the incident underlying this lawsuit. *Compl.* [#4] ¶ 1. Defendant Walmart Inc., doing business in Douglas County, Colorado as Walmart Supercenter #1252, is a Delaware-based corporation. *Id.* ¶ 2. Plaintiff has asserted two claims against

---

[1] "[#20]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Defendant arising out of injuries sustained from a slip-and-fall on Defendant's premises. *Id.* ¶ 14.  First, Plaintiff alleges that Defendant's "negligence and carelessness" was a violation of the Premises Liability Act, Colo. Rev. Stat. § 13–21–15 and was the cause of Plaintiff's "injuries, damages and losses."  *Id.* ¶¶ 38-39.  Second, Plaintiff asserts a common law negligence claim.  *Id.* ¶¶ 40-45.  Plaintiff seeks compensatory damages for the allegations of the Complaint  *Id.* at 6.  Defendant admits Plaintiff was present as an invitee within its premises on July 25, 2018, and that it rained in the area of the premises on that day.  *Answer* [#9] ¶¶ 11-12.  Defendant denies all further allegations.  *See id.*

On July 27, 2020, Plaintiff filed the present Motion [#20] seeking leave to amend the Complaint [#4] to add his wife, Heather Brackett ("Mrs. Brackett"), as a plaintiff seeking damages for loss of consortium.  *Motion* [#20] at 2.  Plaintiff asserts that no party will be prejudiced by the joinder of Mrs. Brackett as a plaintiff because the litigation is in its infancy, and the interests of substantial justice will be served by granting the Motion [#20]. *Id.* at 4-5.  The Proposed Amended Complaint [#21] includes a new claim based on Mrs. Brackett's lost consortium from her husband due to Defendant's alleged tortious conduct. *Am. Compl.* [#21] ¶¶ 49-52.

Defendant filed a Response [#24] in opposition to the Motion [#20] on the basis of futility, stating that Mrs. Brackett's loss-of-consortium claim is time-barred by the statute of limitations, does not relate back to the original Complaint [#4], and is therefore subject to dismissal.  *Response* [#24] at 2.  Defendant argues that Mrs. Brackett's loss-of-consortium claim expired on July 25, 2020, two days before the Motion [#20] and proposed Amended Complaint [#21] were filed.  *Id.* at 3.  Defendant further argues that it

would be unduly prejudiced if Mrs. Brackett were allowed to avoid the statute of limitations period to assert her claim. *Id.* at 7.

Plaintiff filed a Reply [#30] arguing that Mrs. Brackett's claim was timely filed on July 27, 2020, because the last day of the two-year limitations period fell on a Saturday and therefore was extended to the next day which was not a Saturday, Sunday, or legal holiday pursuant to Colo. Rev. Stat. § 2–4–108, that day being July 27, 2020. *Reply* [#30] at 2. Plaintiff argues that, because the loss-of-consortium claim is timely, Defendant's argument pertaining to relation back and futility are without merit. *Id.* at 4.

## II. Analysis

At the outset, the Court notes that the deadline for joinder of parties and amendment of pleadings is October 26, 2020, and therefore Plaintiff's Motion [#20] is timely. *Scheduling Order* [#32] at 8.

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend his complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Pursuant

to Rule 15(a)(2), the Court considers any arguments raised by Defendant related to whether justice would be served by amendment.

Defendant's opposition to the Motion [#20] is primarily based on futility. *Response* [#24] at 8. It is well-settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in his complaint." *Id.* (quotations omitted).

The Court first addresses Defendant's argument that Mrs. Brackett's proposed loss-of-consortium claim is barred by the two-year statute of limitations pursuant to Colo. Rev. Stat. § 13–8–102. Because this is a diversity action where the events alleged in the Proposed Amended Complaint [#21] occurred in Colorado, the Colorado statute of limitations applies. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980). In Colorado, the limitation on a personal injury claim is two years. *See* Colo. Rev. Stat. § 13–80–102(1) (creating a two-year limitation period for all tort actions, including negligence, and for "all other actions of every kind for which no other period of limitation is provided"). The general rule for computing time limitations in federal courts is Fed. R. Civ. P. 6(a). *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003)

(citing *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002)).  When the period in question is stated in days or a longer unit of time, the day of the event that triggers the period is excluded and the last day of the period is included.  Fed. R. Civ. P. 6(a).  However, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  *Id.*  Here, the event that triggered the statute of limitations occurred on July 25, 2018.  Using the computation method detailed in Fed. R. Civ. P. 6(a), the statute of limitations for Mrs. Brackett's loss-of-consortium claim began on July 26, 2018.  Because July 26, 2020, was a Sunday, the last day of the limitations period was extended to July 27, 2020, the day Plaintiff filed the Motion [#20] and proposed Amended Complaint [#21].  Therefore, the Court finds that Plaintiff's Motion [#20] was filed within the statute of limitations and is thus timely.

Defendant's remaining arguments that Mrs. Brackett's claim does not relate back to the original Complaint under Fed. R. Civ. P. 15(c) and that it would be "greatly prejudiced" by the allowance of Mrs. Brackett's claim to move forward are centered on the incorrect contention that the claim is time-barred.  *Response* [#24] at 7.  Because the Motion [#20] was filed within the statute of limitations, the Court need not address Defendant's Fed. R. Civ. P. 15(c) argument, which only pertains to claims filed in an amended complaint after the statute of limitations has run.  Similarly, Defendant provides no argument of any specific prejudice it would incur, especially in light of the Court's finding that the claim is, in fact, timely.  Accordingly, the Court finds these arguments to be without merit.

### III.  Conclusion

Based on the foregoing reasons,

- 6 -

IT IS HEREBY **ORDERED** that the Motion [#20] is **GRANTED**. Defendant shall answer or otherwise respond to the Amended Complaint [#21] **no later than October 6, 2020**.

Dated: September 22, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge